| | |
|---|---|
| 1 | Shane Brun (SBN 179079) |
| | sbrun@goodwinprocter.com |
| 2 | GOODWIN PROCTER LLP |
| | Three Embarcadero Center |
| 3 | 24th Floor |
| | San Francisco, California 94111 |
| 4 | Tel.: 415.733.6000 |
| | Fax.: 415.677.9041 |
| 5 | |
| | Of Counsel: |
| 6 | |
| | Michael G. Strapp (application for admission |
| 7 | *pro hac vice* to be filed) |
| | mstrapp@goodwinprocter.com |
| 8 | Srikanth K. Reddy (application for admission |
| | *pro hac vice* to be filed) |
| 9 | sreddy@goodwinprocter.com |
| | GOODWIN PROCTER LLP |
| 10 | Exchange Place |
| | 53 State Street |
| 11 | Boston, Massachusetts 02109-2881 |
| | Tel: 617.570.1000 |
| 12 | Fax: 617.523.1231 |
| 13 | |
| | Attorneys for Plaintiff SONUS NETWORKS, INC. |
| 14 | |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SONUS NETWORKS, INC., a Delaware corporation, | | |
| Plaintiff, | | |
| vs. | Case No. 15-cv-322 | |
| INVENTERGY, INC., a Delaware corporation and INVENTERGY GLOBAL, INC., a Delaware corporation, | **JURY TRIAL DEMANDED** | |
| Defendants. | | |

COMPLAINT FOR DECLARATORY AND OTHER RELIEF

**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**

Plaintiff Sonus Networks, Inc. ("Sonus") as and for its Complaint against defendants Inventergy, Inc. ("Inventergy") and Inventergy Global, Inc. ("Inventergy Global") (collectively, "Defendants"), alleges as follows:

**INTRODUCTION**

1. This is a suit for declaratory judgment arising out of a patent dispute between Sonus and Inventergy. Inventergy has accused Sonus of infringing U.S. Patent Nos. 8,335,487 ("the '487 patent"); 7,925,762 ("the '762 patent"); 7,835,352 ("the '352 patent"); 8,185,105 ("the '105 patent"); 6,801,542 ("the '542 patent"); 7,583,612 ("the '612 patent") and 6,904,035 ("the '035 patent," collectively the "patents-in-suit"). Sonus denies liability with respect to each of the patents-in-suit. In short, there is a current, actual controversy between the parties that requires this court's intervention.

**THE PARTIES**

2. Plaintiff Sonus is a Delaware corporation with a principal place of business at 4 Technology Park Drive, Westford, Massachusetts 01886.

3. Sonus also maintains an office in this district at 6900 Paseo Padre Parkway, Fremont, CA 94555.

4. Defendant Inventergy is a Delaware corporation with a principal place of business in this district at 900 E. Hamilton Avenue, Campbell, California.

5. Defendant Inventergy Global is a Delaware corporation with a principal place of business also in this district at 900 E. Hamilton Avenue, in Campbell, California.

6. Inventergy Global is the parent corporation of Inventergy.

7. Upon information and belief, Inventergy's sole business is acquiring and asserting patents. Upon information and belief, Inventergy acquires patents in order to generate money through licensing its patents.

8. Inventergy has not in the past made, sold or offered for sale any products or services covered by the patents-in-suit.

9. Upon information and belief, Inventergy has no plans in the future to make, sell or offer to sell any products or services covered by the patents-in-suit.

10. Upon information and belief, numerous Inventergy senior executives, including its Chairman & CEO, Senior Vice President and General Counsel, Senior Vice President of IP Acquisitions & Licensing and Vice President of Licensing reside in this district.

**BACKGROUND OF THE CONTROVERSY**

11. Upon information and belief, Inventergy was founded in 2012 as Silicon Turbine Systems, LLC.  Thereafter, it was renamed Inventergy and converted into a Delaware Corporation.

12. Upon information and belief, the principal place of business of Inventergy has, at all times, been in the State of California.

13. Upon information and belief, in or around May 2013 Inventergy acquired roughly 180 patents from Huawei Technologies Co. ("Huawei") including 26 patents issued in the United States (including the '487 patent, the '352 patent, the '105 patent and the '612 patent.

14. Since the Summer of 2013, Inventergy has accused Sonus of infringing the patents-in-suit and has demanded that Sonus pay Inventergy a significant sum of money in exchange for a license to Inventergy's patents, including the patents-in-suit.

15. To date, Inventergy has sent at least 35 emails and made at least 10 phone calls to executives of Sonus.  The subject of these communications was related to Inventergy's demand that Sonus pay Inventergy in exchange for a license to Inventergy's patents, including the patents-in-suit.

16. Upon information and belief, each of the aforementioned emails and phone calls originated from this district.

17. In or around July 2013, Inventergy approached a member of the Sonus Board of Directors and requested that the executives of Sonus personally meet with Inventergy executives to explain why Sonus should pay Inventergy a substantial sum in exchange for a license to Inventergy's patents.

18. On August 5, 2013, Inventergy's CEO, Joe Beyers, and its Vice President and General Counsel, Wayne Sobon, met with Sonus personnel.

19. During the August 5, 2013 meeting, Inventergy claimed to have acquired patents from Huawei that relate to IP Multimedia Subsystems (IMS) and that are "standards-relevant."

20. Inventergy requested a follow-up meeting after the August 5, 2013 meeting.

21. On August 21, 2013, Beyers, Sobon and Inventergy's Director of Technology, Charles Bedard, participated in an online meeting to provide further information to Sonus.

22. During the August 21, 2013 meeting, Inventergy asserted that certain of its patents cover at least portions of a variety of telecommunications standards and that certain Inventergy patents cover technology used in Sonus's products, including Session Boarder Controller products (SBC 5100, SBC 5200 and SBC 9000), switches (SGX 4000, GSX 4000 and GSX 9000), voice controller products (VX 900, VX 1200 and VX 1800) and the ASX Telephony Application Server (collectively, the "Accused Products").

23. On October 23, 2013, Sonus and Inventergy employees participated in another online meeting. During the October 23, 2013 meeting, Sonus explained why it does not infringe Inventergy's patents.

24. In November 2013, Sobon asked Sonus to participate in a further online meeting and also requested an in-person meeting at Sonus's offices to discuss a proposed licensing arrangement for Inventergy's patents.

25. Shortly thereafter, also in November 2013, Sonus provided Inventergy evidence demonstrating that certain Inventergy patents are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103.

26. On or around November 25, 2013, Sonus and Inventergy employees participated in another online meeting wherein Inventergy alleged that Sonus sells components covered by one or more Inventergy patents and that the scope of the Inventergy patents cover the Accused Products.

27. At the November 25, 2013 meeting, Inventergy provided Sonus with a claim chart which Inventergy alleged demonstrates that certain Accused Products, including the SBC 5200, uses technology covered by the '352 patent.

COMPLAINT FOR DECLARATORY AND OTHER RELIEF

28. At the November 25, 2013 meeting, Inventergy also provided Sonus with a claim chart allegedly demonstrating that the '105 patent and the '612 patent cover certain telecommunications standards.

29. In December 2013, Inventergy insisted that Sonus license the then-existing Inventergy portfolio (which included the '487 patent, the '352 patent, the '105 patent and the '612 patent) and pay a fee of millions of dollars which, according to Inventergy, constituted a significant early adopter discount compared to Sonus's actual exposure in an infringement litigation, which Inventergy calculated as being potentially multiples larger.

30. Upon information and belief, in December 2013, eOn Communications Corporation ("eOn") merged with and into Inventergy and eOn was renamed Inventergy Global.

31. On December 18, 2013, eOn submitted a Form 8-K to the United States Securities and Exchange Commission ("SEC").

32. The December 18, 2013 SEC submission included a presentation titled "Inventergy: a new world for IP." Therein, Defendants stated that they have "identified over 125 companies within four primary licensee market segments that Inventergy will approach to monetize the IMS IP assets" that Inventergy had obtained from Huawei.

33. Many of the companies listed as Defendants' targets in the December 18, 2013 SEC submission maintain a principal place of business in this district including, for example, Avaya, Cisco and Hewlett Packard.

34. On or around February 18, 2014, Beyers, Sobon and Inventergy's Vice President of Licensing, Anna Johns, met again in-person with Sonus. During the February 18, 2014 meeting, Defendants' reiterated their belief that Inventergy's patent portfolio includes patents (including the '352 patent) that cover the Accused Products, including the SBC 5200. Defendants also set forth what they believe to be representative royalty rates for Inventergy's patents, stated that Sonus owes Defendants between $24 million and $97 million, and warned Sonus that Defendants' damages recoverable at trial could be significantly greater.

35. After the February 18, 2014 meeting, Defendants continued to contact Sonus and demand that it take a license to the Inventergy patents.

4
COMPLAINT FOR DECLARATORY AND OTHER RELIEF

36. In May 2014, Defendants sent Sonus a proposed license agreement.

37. Upon information and belief, in or around June 2014, Defendants acquired roughly 80 patents from Nokia including 12 patents issued in the United States (including the '762 patent).

38. On July 8, 2014, Johns emailed Sonus personnel and asserted that Defendants have "provided ample evidence demonstrating the use of specific Inventergy patents by specific Sonus products." Defendants also insisted that Sonus sign a non-disclosure agreement ("NDA") before any further discussions took place.

39. On or about August 7, 2014, Sobon met with Sonus personnel. At the August 7, 2014 meeting, Sobon provided Sonus with a claim chart which allegedly demonstrates that the Accused Products, including the SBC 5000 and UX 2000, use technology covered by certain patents-in-suit.

40. On January 10, 2015, Defendants provided Sonus with a summary of their position "regarding the Sonus products' infringement of the Inventergy intellectual property." Therein, Defendants stated that "Sonus' Proxy Call Session Control Function (P-CSCF) capable products, including all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000" infringe one or more claims of the '487 patent and the '762 patent; that "Sonus' application level feature products, including the ASX Feature Server" infringe one or more claims of the '352 patent, the '105 patent and the '762 patent; and that "Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000" infringe one or more claims of several patents including the '542 patent, the '612 patent and the '035 patent.

41. In sum, between August 2013 and January 2015, Sonus conferred with Defendants on numerous occasions – including at least three in-person meetings – in an unsuccessful attempt to resolve this dispute by explaining to Defendants that Sonus does not infringe the patents-in-suit. Throughout this period Defendants have maintained their position that the Inventergy patents-in-suit are valid and enforceable, and that Sonus is infringing the patents-in-suit.

42. As a direct and proximate result of Defendants' allegations of patent infringement against products made, used, sold, offered for sale, and/or imported into the United States by or for

5

COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff, Plaintiff is suffering irreparable injury in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

## JURISDICTION AND VENUE

43. This is an action pursuant to 28 U.S.C. § 2201 and § 2202 for a declaration of the rights of the parties with respect to an actual controversy concerning the patents-in-suit. The patents-in-suit are presently assigned to and owned by Inventergy. Defendants accuse Sonus of infringing the patents-in-suit. An actual controversy exists between Sonus and Defendants regarding the infringement, validity and/or enforceability of the patents-in-suit. Further, as set forth in greater detail in this Complaint, Defendants have taken several actions which demonstrate that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a) for the claims herein arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq.

45. This Court has personal jurisdiction over Defendants based upon their transaction of business in this district and because Defendants' principal places of business are in this district.

46. Sonus employs more than 25 people in this district, including its Vice President of SBC development.

47. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this district.

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,335,487

48. Sonus repeats and realleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

49. Inventergy is allegedly the owner by assignment of the '487 patent, issued on December 18, 2012 to Kai Wen, et al., and which is entitled "Method for Authenticating User Terminal in IP Multimedia Sub-system." A true and accurate copy of the '487 patent is attached as Exhibit A.

50. Upon information and belief, Defendants have not licensed any rights in the '487 patent to any third party.

51. An actual controversy exists between the parties regarding the infringement of the '487 patent.

52. Defendants have stated that all Sonus' SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 infringe one or more claims of the '487 patent, and has demanded from Sonus licensing revenue in connection with the '487 patent.

53. This count is for a declaratory judgment that Sonus' SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 do not infringe any of the claims of the '487 patent.

54. Sonus has not infringed any claim of the '487 patent is therefore entitled to a declaratory judgment that it does not infringe any of the claims of the '487 patent.

**COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,925,762**

55. Sonus repeats and realleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

56. Inventergy is allegedly the owner by assignment of the '762 patent, issued on April 12, 2011 to Risto Kauppinen, et al., and which is entitled "Roaming Support Method and Systems in UMTS." A true and accurate copy of the '762 patent is attached as Exhibit B.

57. Upon information and belief, Defendants have not licensed any rights in the '762 patent to any third party.

58. An actual controversy exists between the parties regarding infringement of the '762 patent.

59. Defendants have stated that Sonus' SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 and Sonus' ASX Feature Server infringe one or more claims of the '762 patent, and has demanded from Sonus licensing revenue in connection with the '762 patent.

7
COMPLAINT FOR DECLARATORY AND OTHER RELIEF

60.     This count is for a declaratory judgment that Sonus' SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 and Sonus' application level feature products, including the ASX Feature Server do not infringe any of the claims of the '762 patent.

61.     Sonus has not infringed any claim of the '762 patent and is therefore entitled to a declaratory judgment that it does not infringe any of the claims of the '762 patent.

**COUNT 3: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,835,352**

62.     Sonus repeats and realleges the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

63.     Inventergy is allegedly the owner by assignment of the '352 patent, issued on November 16, 2010 to Fenqin Zhu, et al., and which is entitled "Method, System and Equipment for Processing SIP Requests in IMS Network."  A true and accurate copy of the '352 patent is attached as Exhibit C.

64.     Upon information and belief, Defendants have not licensed any rights in the '352 patent to any third party.

65.     An actual controversy exists between the parties regarding the infringement of the '352 patent.

66.     Defendants have stated that Sonus' application level feature products, including the ASX Feature Server infringe one or more claims of the '352 patent, and has demanded from Sonus licensing revenue in connection with the '352 patent.

67.     This count is for a declaratory judgment that that Sonus' application level feature products, including the ASX Feature Server do not infringe any of the claims of the '352 patent.

68.     Sonus has not infringed any claim of the '352 patent and is therefore entitled to a declaratory judgment that it does not infringe any of the claims of the '352 patent.

**COUNT 4: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,185,105**

69.     Sonus repeats and realleges the allegations set forth in paragraphs 1 through 67 as if fully set forth herein.

70. Inventergy is allegedly the owner by assignment of the '105 patent, issued on May 22, 2012 to Songming Zhu, et al., and which is entitled "Method, System and Apparatus for Using IMS Communication Service Identifier." A true and accurate copy of the '105 patent is attached as Exhibit D.

71. Upon information and belief, Defendants have not licensed any rights in the '105 patent to any third party.

72. An actual controversy exists between the parties regarding the infringement of the '105 patent.

73. Defendants have stated that Sonus' application level feature products, including the ASX Feature Server infringe one or more claims of the '105 patent, and has demanded from Sonus licensing revenue in connection with the '105 patent.

74. This count is for a declaratory judgment that Sonus' application level feature products, including the ASX Feature Server do not infringe any of the claims of the '105 patent.

75. Sonus has not infringed any claim of the '105 patent and is therefore entitled to a declaratory judgment that that it does not infringe any of the claims of the '105 patent.

### COUNT 5: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,801,542

76. Sonus repeats and realleges the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

77. Inventergy is allegedly the owner by assignment of the '542 patent, issued on October 5, 2004 to Baranitharan Subbiah, and which is entitled "Method, System and Apparatus for Providing an Interworking Unit Between ATM Networks and IP Networks." A true and accurate copy of the '542 patent is attached as Exhibit E.

78. Upon information and belief, Defendants have not licensed any rights in the '542 patent to any third party.

79. An actual controversy exists between the parties regarding the infringement of the '542 patent.

80. Defendants have stated that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 infringe one or more claims of the '542 patent , and has demanded from Sonus licensing revenue in connection with the '542 patent.

81. This count is for a declaratory judgment that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 do not infringe any of the claims of the '542 patent.

82. Sonus has not infringed any claim of the '542 patent and is therefore entitled to a declaratory judgment that that it does not infringe any of the claims of the '542 patent.

**COUNT 6: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,583,612**

83. Sonus repeats and realleges the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

84. Inventergy is allegedly the owner by assignment of the '612 patent issued on September 1, 2009 to Yangbo Lin, and which is entitled "Method For Periodically Acquiring the QoS of Media Stream and System Thereof." A true and accurate copy of the '612 patent is attached as Exhibit F.

85. Upon information and belief, Defendants have not licensed any rights in the '612 patent to any third party.

86. An actual controversy exists between the parties regarding the infringement of the '612 patent.

87. Defendants have stated that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 infringe one or more claims of the '612 patent, and has demanded from Sonus licensing revenue in connection with the '612 patent.

88. This count is for a declaratory judgment that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the

SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 do not infringe any of the claims of the '612 patent.

89. Sonus has not infringed any claim of the '612 patent and is therefore entitled to a declaratory judgment that it does not infringe any of the claims of the '612 patent.

**COUNT 7: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,904,035**

90. Sonus repeats and realleges the allegations set forth in paragraphs 1 through 88 as if fully set forth herein.

91. Inventergy is allegedly the owner by assignment of the '035 patent, issued on June 7, 2005 to Jose Costa Requena, and which is entitled "Mobile System, Terminal and Interface, As Well As Methods for Providing Backward Compatibility to First and Second Generation Mobile Systems." A true and accurate copy of the '035 patent is attached as Exhibit G.

92. Upon information and belief, Defendants have not licensed any rights in the '035 patent to any third party.

93. An actual controversy exists between the parties regarding the infringement of the '035 patent.

94. Defendants have stated that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 infringe one or more claims of the '035 patent, and has demanded from Sonus licensing revenue in connection with the '035 patent.

95. This count is for a declaratory judgment that Sonus' gateway and media processing products, including the GSX 9000 High-Density Media Gateway, and all SBC products such as the SBC 5x00, 7000 and 9000 series along with the SBC 1000/2000 do not infringe any of the claims of the '035 patent.

96. Sonus has not infringed any claim of the '035 patent and is therefore entitled to a declaratory judgment that it does not infringe any of the claims of the '035 patent.

WHEREFORE, Sonus demands judgment against Defendants:

(a) Adjudging and declaring that Sonus does not infringe the claims of the '487, '762, '352, '105, '542, '612 and '035 patents;

(b) Permanently enjoining Defendants, their successors, assigns, and others from asserting the '487, '762, '352, '105, '542, '612 and '035 patents against Plaintiff or its related entities with respect to the Accused Products and any other product currently or previously made, used, imported, sold and/or offered for sale by Plaintiff or its related entities;

(c) Awarding Sonus its actual damages plus interest accrued and accruing thereon;

(d) Finding in favor of Plaintiff and declaring this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding Sonus its costs and attorneys' fees; and

(e) Awarding Sonus such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Sonus hereby demands a trial by jury on all counts so triable.

Dated: January 23, 2015 Respectfully submitted,

By: /s/ Shane Brun
Shane Brun (SBN 179079)
GOODWIN PROCTER LLP
Three Embarcadero Center
24th Floor
San Francisco, CA 9411
Te1.:  415.733.6000
Fax.: 415.677.9041
Email: sbrun@goodwinprocter.com

Michael G. Strapp (application for admission *pro hac vice* to be filed)
Srikanth K. Reddy (application for admission pro hac vice to be filed)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231
E-Mails:mstrapp@goodwinprocter.com
sreddy@goodwinprocter.com

*Attorneys for Plaintiff*
Sonus Networks, Inc.

COMPLAINT FOR DECLARATORY AND OTHER RELIEF