United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONUS NETWORKS, INC., | No. C-15-0322 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| INVENTERGY, INC., *et al.*, | |
| Defendants. | **(Docket No. 40)** |

Pending before the Court is Plaintiff Sonus Networks, Inc.'s ("Sonus") Motion for Leave to File a Second Amended Complaint. Docket No. 40. The Court finds this matter suitable for resolution without oral argument and **VACATES** the May 14, 2015 hearing date. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). For the reasons discussed herein, Sonus's motion for leave to amend its complaint is **GRANTED.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This is a patent dispute. Sonus filed a complaint seeking declaratory judgment of non-infringement as to seven patents against Defendants Inventergy, Inc. and Inventergy Global, Inc. (Inventergy) on January 23, 2015. Sonus previously amended its complaint on March 10, 2014 as of right under Fed. R. Civ. P. 15(a)(1)(B). The first amendment mooted Inventergy's initial motion to dismiss. Sonus's First Amended Complaint added claims for unfair competition under

California Business and Professions Code Section 17200, Civil RICO (18 U.S.C. §§ 1961 *et seq.*), and breach of contract.[1]  Docket No. 26.

Sonus now seeks to file a Second Amended Complaint to add a handful of factual allegations, including public statements that Inventergy made after Sonus filed its First Amended Complaint.  Sonus does not seek to add any new claims in its proposed Second Amended Complaint.  This action is at a relatively early stage.  There has not been an initial case management conference and no case management schedule has been set.

## II.  DISCUSSION

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given where justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Court applies Rule 15 with "extreme liberality."  *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

Grounds to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  Of these considerations, prejudice is the most important.  *Eminence Capital,* 316 F.3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight.").  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis in original).

Inventergy bears the burden of showing prejudice.  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).  The Court finds that Inventergy has not met that burden.  The proceedings are at an early stage.  Amendment would not disrupt discovery or disturb any other case deadlines.  Moreover, the amendments sought would not add new theories that change the nature of

---

[1] Inventergy moved to dismiss and moved to strike the First Amended Complaint.  The Court deferred hearing those motions in light of the pending motion to amend.  *See* Docket No. 44.  In light of the holding herein, those motions are moot.

2

the case. *Cf. Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (finding no clear abuse of discretion in denying leave to amend where plaintiff sought to add "tenuous" claims that would cause a "radical shift in direction" after a two-year delay).

Finding no prejudice, the Court further concludes that Inventergy's arguments regarding bad faith and futility do not overcome Rule 15(a)'s presumption in favor of granting leave to amend. *See Eminence Capital,* 316 F.3d at 1052. Inventergy's opposition primarily focuses on futility. The Court concludes that it is more appropriate to address the sufficiency of the complaint as amended under a Rule 12(b)(6) motion. This approach comports with the spirit of the Federal Rules of Civil Procedure, under which leave should be freely given and a decision on the merits encouraged. *See Foman,* 371 U.S. at 182; *DCD Programs,* 833 F.2d at 186 ("In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" (citation omitted)).[2]

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Sonus's motion for leave to file a Second Amended Complaint.

This order disposes of Docket No. 40.

IT IS SO ORDERED.

Dated: May 11, 2015

EDWARD M. CHEN
United States District Judge

---

[2] If Sonus's amended claims do not survive a motion to dismiss under Rule 12(b)(6), the Court will consider the previous amendments granted in weighing whether to deny further leave to amend. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) *cert. denied,* 134 S. Ct. 1322, 188 L. Ed. 2d 306 (2014); *Ecological Rights Found. v. Pac. Gas & Elec. Co.,* 713 F.3d 502, 520 (9th Cir. 2013).