Shane Brun (SBN 179079)
*sbrun@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

*Attorney for Plaintiff*
*SONUS NETWORKS, INC.*

*Additional Counsel on Signature Page*

Chris Holm (SBN 249388)
Chris.holm@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE +
QUIGG LLP
333 S. Grand Ave., 23rd Floor
Los Angeles, CA  90071
Tel: (213) 787-2500
Fax: (213) 687-0498

*Attorneys for Defendants Inventergy, Inc.*
*and Inventergy Global, Inc.*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONUS NETWORKS, INC, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INVENTERGY, INC., a Delaware corporation and INVENTERGY GLOBAL, INC., a Delaware corporation ,<br><br>　　　　Defendant. | Case No. 3-15-cv-00322-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　　　July 23, 2015<br>Time:　　　　1:30pm<br>Courtroom:　 Courtroom 5<br>Judge:　　　 Edward M. Chen |

Pursuant to Civil Local Rule 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Sonus Networks, Inc. ("Sonus") and Defendants Inventergy, Inc., and Inventergy Global, Inc. (collectively, "Inventergy") jointly submit this Case Management Statement in advance of the July 23, 2015 Case Management Conference and hearing on Inventergy's Motion to Dismiss and Motion to Strike.

This case involves claims for a declaratory judgment of no patent infringement, violations of RICO and California's unfair competition statute, and breach of contract brought by Sonus against Inventergy. As explained below, Inventergy has filed a Motion to Dismiss the Second Amended Complaint, or in the alternative, to Transfer the Case to the District of Massachusetts (Dkt. No. 59 "Motion to Dismiss") and a Motion to Strike Sonus' Unfair Competition Claim (Dkt. No. 58; "Motion to Strike"). The parties have agreed that no discovery occur and that no Patent Local Rule deadlines take effect until after the Court decides the pending motions.

1. **Jurisdiction, Venue, and Service**

The parties dispute whether the Court has subject matter jurisdiction. Inventergy contests subject matter jurisdiction, while Sonus contends that this Court has subject matter jurisdiction. There is no disagreement that the Court has personal jurisdiction. Sonus contends that venue is proper, while Inventergy contends that the Northern District of California is an inconvenient forum and has requested that the Court transfer venue of this case to the District of Massachusetts under 28 U.S.C. § 1404. All parties have been served.

**2.   Facts**

   **A.   Northern District of California Action**

Sonus filed suit on January 23, 2015, asserting claims for declaratory judgment of non-infringement of U.S. Patent Nos. 8,335,487, 7,925,762, 7,835,352, 8,185,105, 6,801,542, 7,583,612, and 6,904,035 (the "patents-in-suit") (Dkt. No. 1). Inventergy moved to dismiss Sonus' Complaint, or in the alternative, to transfer venue on February 17, 2015 (Dkt. No. 13). Sonus filed an opposition on March 6, 2015 (Dkt. No. 25). On the same day, March 10, 2015, Inventergy filed its reply to Sonus' opposition and Sonus filed a First Amended Complaint, which added claims for unfair competition in violation of Cal. Bus. & Prof. Code § 17200, violation of the civil RICO statute, 18 U.S.C. § 1961 *et seq.*, and breach of contract (Dkt. No. 26). On March 25, 2015, Inventergy moved

to dismiss Counts 1-7 of the First Amended Complaint for lack of subject matter jurisdiction, or in the alternative, to transfer venue to the District of Massachusetts, and moved to dismiss counts 8-10 of the First Amended Complaint for failure to state a claim (Dkt. No. 34). That same day, Inventergy moved to strike Sonus' unfair competition claim pursuant to California's anti-SLAPP statute (Dkt. No. 35). Sonus filed an opposition to the Motion to Dismiss and the Motion to Strike on April 7, 2015 (Dkt. Nos. 38, 39). Also on April 7, 2015, Sonus filed a motion for leave to file a Second Amended Complaint (Dkt. No. 40). Inventergy opposed the Motion for Leave on April 21, 2015 (Dkt. No. 46), and Sonus filed its reply on April 28, 2015 (Dkt. No. 48). On May 11, 2015, the Court entered an order granting Sonus' motion for leave to file a Second Amended Complaint (Dkt. No. 52). Inventergy re-noticed its Motion to Strike (Dkt. No. 58) and Motion to Dismiss (Dkt. No. 59) on May 29, 2015. Sonus filed its oppositions (Dkt. Nos. 61, 62) on June 12, 2015. Inventergy filed its replies (Dkt. Nos. 63, 64) on June 19, 2015. The motions are now fully briefed and scheduled for argument on July 23, 2015.

### B. District of Massachusetts Action

On January 26, 2015, Inventergy sued Sonus in the District of Massachusetts, alleging that Sonus infringes the same patents-in-suit that are the subject of Sonus' declaratory judgment action. On February 17, 2015, Sonus filed a motion to dismiss, transfer, or stay the Massachusetts action. Inventergy opposed that motion on March 3, 2015. No further action has taken place since that date.

### 3. Legal Issues

Inventergy has not yet formally answered, and reserves all rights to assert all claims and defenses, in addition to the asserted issues listed below. Subject to and without waiving their respective positions and arguments, the parties assert that some of the disputed issues include, but are not limited to, the following:

- Whether Sonus has stated claims for relief in the operative Second Amended Complaint;
- Whether the Court has subject matter jurisdiction over Sonus' claims;
- Whether Sonus infringes the patents-in-suit, directly and/or indirectly;
- Whether Inventergy has engaged in unfair, unlawful, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, or whether Sonus by making these allegations

has violated California's anti-SLAPP statute (Cal. Civ. Pro. Code § 425.16);

- Whether Inventergy has violated the RICO statute, 18 U.S.C. § 1961 *et seq.*;
- Whether Inventergy has breached its contractual obligation to license standard essential patents on reasonable and non-discriminatory ("RAND") terms;
- Whether Sonus is entitled to declaratory relief;
- Whether Sonus is entitled to injunctive relief; and
- Whether Sonus is entitled to damages, and if so, the amount of damages to which Sonus is entitled.

### 4. Motions

As detailed above, Inventergy's Motion to Strike (Dkt. No. 58) and Motion to Dismiss (Dkt. No. 59) are currently pending and scheduled for argument on July 23, 2015, at 1:30pm.

### 5. Amendment of Pleadings

As detailed above, the Court granted Sonus' motion for leave to file a Second Amended Complaint on May 11, 2015 (Dkt. No. 52). No other motion for leave to amend is pending.

### 6. Evidence Preservation

The parties are aware of document preservation obligations and have taken steps to comply with those obligations.

### 7. Disclosures

Subject to the Court's approval, the parties agree to serve the parties' Initial Disclosures, Infringement Contentions, and Invalidity Contentions in accordance with the proposed dates in Section 17 below ("Scheduling").

### 8. Discovery

No discovery has taken place to date. The parties have agreed that no discovery shall occur until after the Court decides the pending motions.

#### A. Electronically Stored Information

The parties have discussed the scope of e-discovery, and will meet and confer to provide a proposed order once the Court decides Inventergy's Motion to Dismiss and/or Motion to Strike.

#### B. Discovery Limitations

The parties agree that discovery shall be conducted in accordance with the default rules of the Federal Rules of Civil Procedure, subject to the following two modifications:

1. Service: The parties agree that all service of documents (including pleadings, discovery, motions and responsive papers) shall be by email (or Federal Express, US Express Mail, ShareFile, or FTP if service by mail is cumbersome or difficult) on or before the due date.  The parties also agree that any document served by email or made available by ShareFile or FTP through email shall be treated as served on the date of the email.

2. Privilege Logs: The parties agree to abide by the Federal Rules of Civil Procedure and applicable law with respect to claims of privilege and/or work product, except that no party is obligated to identify on its privilege log any privileged or work product documents to the extent they relate to any dispute(s) between the parties to this action and were generated after Sonus filed its complaint on January 23, 2015.

### C.     Topics Required under Patent Local Rule 2-1

*1.   Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3).*

The parties have agreed and jointly represent that the obligations and deadlines set forth in this District's Patent Local Rules should not commence until after the Court has resolved Inventergy's Motion to Dismiss and Motion to Strike.

*2.   The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court.*

The parties have agreed and jointly represent that claim construction discovery and related disclosures should not commence until after the Court has resolved Inventergy's Motion to Dismiss and Motion to Strike.

*3.   The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.*

The parties do not believe that live testimony will be necessary.  Nevertheless, the case is in a

preliminary stage, and the parties reserve the right to offer live testimony at the claim construction hearing. The parties are presently unsure of the length of the *Markman* hearing.

    *4.*    *How the parties intend to educate the Court on the technology at issue.*

The parties intend to present the Court with a technology tutorial prior to the Claim Construction Hearing.

### D.     Other Orders Under Fed. R. Civ. P. 12(b)(6) and 16(b)

The parties request that no scheduling order issue at this time, but rather that the parties will submit a proposed schedule after the Court has resolved and Inventergy's Motion to Dismiss and Motion to Strike.

### 9.     Class Actions

This action is not a class action.

### 10.     Related Cases

The following cases are related to the instant case: *Inventergy, Inc. v. Sonus Networks, Inc.*, No. 15-cv-10207-MLW (D. Mass.); *Inventergy, Inc. v. GENBAND, Inc.*, 14-cv-00612-RWS (E.D. Tex.) (involves Inventergy and some of the same patents asserted in this case).

### 11.     Relief

*Sonus' Statement*: Sonus requests that the Court enter judgment as follows: Sonus does not infringe the claims of the patents-in-suit; Inventergy and its successors, assigns, and others are permanently enjoined from asserting the patents-in-suit against Sonus with respect to any product Sonus currently makes, uses, imports, sells and/or offers for sale, or previously made, used, imported, sold and/or offered for sale; Inventergy must pay Sonus its actual damages plus interest accrued and accruing thereon; Inventergy must pay Sonus an award for threefold the actual damages Sonus sustained as a result of Inventergy's violation of 18 U.S.C. § 1962(c) and the costs, including attorneys' fees, incurred by Sonus in prosecuting RICO claims against Inventergy; a judgment in favor of Sonus and against Inventergy on Sonus' claim under Cal. Bus. & Prof. Code § 17200, including restitution as applicable; Inventergy and its successors, assigns, and others are permanently enjoined from any further acts of unfair competition pursuant to Cal. Bus. & Prof. Code § 17203; as this is an exceptional case pursuant to 35 U.S.C. § 285, Inventergy must pay Sonus its costs and

attorneys' fees; and any other and further relief as this Court deems just and proper.

*Inventergy's Statement*: Inventergy has not formally answered, and reserves all rights with regard to claims and/or defenses, and to seek appropriate relief when/if Inventergy does answer a complaint filed by Sonus in this Court. Inventergy is seeking its attorneys' fees and costs for having to bring its anti-slapp motion as to Sonus' unfair competition claim.

## 12. Settlement and ADR

The parties have discussed ADR and settlement options, and are continuing to explore settlement options. Inventergy believes the case is suitable for early ADR.

## 13. Consent to Magistrate Judge for All Purposes

The parties have not consented to a Magistrate Judge for all purposes.

## 14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties anticipate being able to narrow the issues presented for claim construction by agreement.

## 16. Expedited Schedule

The parties are not amenable to an expedited case management schedule pursuant to Federal Rule of Civil Procedure 26(f)(4).

## 17. Scheduling

The parties propose that they meet and confer, and thereafter propose timelines and a schedule for this case, after the Court has resolved Inventergy's Motion to Dismiss and Motion to Strike.

## 18. Trial

Sonus and Inventergy have each demanded a jury trial. The parties do not currently have an estimate of trial length, as no discovery has been taken, and the case is in a preliminary stage.

## 19. Disclosure of Non-Party Interested Entities or Persons

Sonus has filed a disclosure statement in accordance with Civil Local Rule 3-15 and Federal

Rule of Civil Procedure 7.1.  Sonus restates that no entities have a financial interest in the form or ownership of greater than 10% of the stock of Sonus Networks, Inc.

Inventergy has filed a disclosure statement in accordance with Civil Local Rule 3-15 and Federal Rule of Civil Procedure 7.1.  Inventergy restates that there are no entities to identify pursuant to Federal Rule of Civil Procedure 7.1.

Dated: July 16, 2015              Respectfully submitted,


                                  By: /s/ Michael G. Strapp
                                      Shane Brun (SBN 179079)
                                      *sbrun@goodwinprocter.com*
                                      **GOODWIN PROCTER LLP**
                                      Three Embarcadero Center
                                      24th Floor
                                      San Francisco, California 94111
                                      Tel.:  415.733.6000
                                      Fax.:  415.677.9041

                                      Michael G. Strapp (pro hac vice)
                                      *mstrapp@goodwinprocter.com*
                                      Srikanth K. Reddy (pro hac vice)
                                      *sreddy@goodwinprocter.com*
                                      **GOODWIN PROCTER LLP**
                                      53 State Street
                                      Boston, Massachusetts  02109
                                      Tel.:  617.570.1000
                                      Fax.:  617.523.1231

                                      *Attorneys for Plaintiff Sonus Networks, Inc.*

                                      */s/Chris L. Holm*
                                      Chris L. Holm (SBN 249388)
                                      NOVAK DRUCE CONNOLLY BOVE +
                                      QUIGG LLP
                                      333 S. Grand Ave., 23rd Floor
                                      Los Angeles, CA  90071
                                      Tel: (213) 787-2500
                                      Fax: (213) 687-0498
                                      Chris.holm@novakdruce.com

                                      William Sloan Coats (SBN 94864)
                                      Wes Klimczak (SBN 294314)
                                      NOVAK DRUCE CONNOLLY BOVE +
                                      QUIGG LLP
                                      21771 Stevens Creek Blvd., 1st Floor
                                      Cupertino, CA  95014
                                      Tel: (408) 414-7330
                                      Fax: (408) 996-1145
                                      Wes.klimczak@novakdruce.com
                                      William.coats@novakdruce.com

                                      *Attorneys for Defendants Inventergy, Inc. and Inventergy Global, Inc.*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1.I.3 AND GENERAL ORDER 45**

I, Michael G. Strapp, am the ECF User whose ID and Password are being used to file this Joint Case Management Statement.

In compliance with General Order 45, X.B. and Local Rule 5-1.i.3, I hereby attest that Chris L. Holm, counsel for Defendants Inventergy, Inc. and Inventergy Global, Inc., has concurred to its filing.

Respectfully submitted,

Dated:  July 16, 2015           By:   /s/ Michael G. Strapp
                                      Michael G. Strapp

**CERTIFICATE OF SERVICE**

I, Michael G. Strapp, hereby certify that a copy of the foregoing document and attachments, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on July 16, 2015.

/s/ Michael G. Strapp
Michael G. Strapp