UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONUS NETWORKS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INVENTERGY, INC., *et al.*,<br><br>　　　　　Defendants.<br>_____/ | No. C-15-0322 EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE**<br><br>**(Docket Nos. 57-59)** |

　　　　Pending before the Court are two motions brought by Defendants Inventergy. In their first motion, Inventergy seeks dismissal of Counts One through Seven (Non-Infringement Declaratory Judgment Claims) of the operative complaint under Rule 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over these claims because no "actual controversy" existed at the time Sonus filed this action. *See* Docket No. 57-4 at 1. Inventergy also seeks dismissal of Counts Eight and Nine (UCL and Civil Rico) under the *Noerr-Pennington* doctrine, and, alternatively, for failure to state a claim. *Id.* at 15-29. Finally, Defendants ask the Court to dismiss Count Ten (Breach of Contract) for failure to state a claim. Alternatively, Inventergy requests that this Court transfer these claims to the District of Massachusetts, where Defendants later filed an infringement action against Sonus. *Id.* at 32. In a separate motion, Inventergy asks this Court to strike Sonus's UCL claim pursuant to California's anti-SLAPP statute, and seeks an award of attorneys' fees for prosecuting its anti-SLAPP motion. *See* Docket No. 58. For the reasons stated on the hearing on this matter, and further for the reasons summarized and explained below, the Court **DENIES** Inventergy's motions in their entirety.

All that a declaratory judgment plaintiff must do to show an "actual controversy" (and thereby, subject matter jurisdiction) is prove that the facts alleged, "'under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech*, 549 U.S. 118, 127 (2007); *see also ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1087 (N.D. Cal. 2013) (listing thirteen factors for the Court to consider in evaluating declaratory judgment jurisdiction). Nearly all thirteen *ActiveVideo* factors demonstrate that there was an "actual controversy" between the parties in this case on the day this suit was filed. Most importantly, the first factor tilts heavily in favor of Sonus because Inventergy repeatedly accused with specificity Sonus of patent infringement. *See, e.g.*, Snider Decl., Ex. 2 (providing a detailed "summary," broken out patent-by-patent, to Sonus's General Counsel "regarding the Sonus products' infringement of the Inventergy intellectual property").[1] There is voluminous correspondence between the parties related to Inventergy's claims of infringement and Inventergy's ultimate attempts to impose a time frame for resolution. Shortly after the instant suit seeking declaratory relief was filed, Inventergy sued Sonus claiming patent infringement.

Inventergy's Rule 12(b)(1) motion is denied. Inventergy's request in the alternative to transfer this case to the District of Massachusetts is also denied. This is the first-filed action, Defendants were sued in their home district, and the 28 U.S.C. § 1404(a) factors do not favor transfer. *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 986 (N.D. Cal. 2011).

Sonus has adequately pleaded viable RICO and UCL claims for the purposes of surviving Inventergy's motion to dismiss. Inventergy's argument that these claims are nevertheless barred by the *Noerr-Pennington* doctrine at this juncture is incorrect, because Sonus has sufficiently pleaded

---

[1] Inventergy has made a factual attack on jurisdiction, arguing that the allegations in Sonus's complaint regarding the course of licensing negotiations between the parties are inaccurate. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The "court need not presume the truthfulness" of the allegations contained in the complaint. *See id.* (citation omitted). Here, the Court has not presumed the truth of Sonus's allegations for the purpose of the Rule 12(b)(1) motion, and instead accepts Inventergy's version of events as true. Even as Inventergy tells it, there was an actual controversy between the parties at the time this case was filed.

United States District Court
For the Northern District of California

1  that Inventergy's pre-suit infringement allegations were both objectively and subjectively meritless,
2  and thus a "sham." *See, e.g.*, SAC at ¶ 141 (pleading that Inventergy "alleged infringement of
3  certain of its patents without an objective basis"); *see also* SAC at ¶¶ 2, 4, 31, 132. The Ninth
4  Circuit has held that "[w]hether something is a genuine effort to influence government action, or a
5  mere sham [for *Noerr-Pennington* purposes], is a question of fact." *Clipper Exxpress v. Rocky
6  Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1253 (9th Cir. 1982). Thus, courts rarely award
7  *Noerr-Pennington* immunity at the motion to dismiss stage, where the Court must accept as true the
8  non-moving party's well-pleaded allegations. *See, e.g.*, *Netflix, Inc. v. Blockbuster, Inc.*, No. C06-
9  02361 WHA, 2006 WL 2458717, at *7-8 (N.D. Cal. Aug. 22, 2006) (denying 12(b)(6) motion
10 brought pursuant to *Noerr-Pennington* because "[i]f the above allegations [about objective
11 baselessness] are proven true, plaintiff may demonstrate the requisite abuse . . . to succeed on a
12 sham-litigation claim"); *see also Hoffman-La Roche Inc. v. Genpharm Inc.*, 50 F. Supp. 2d 367, 380
13 (D.N.J. 1999). And because Inventergy's entire anti-SLAPP motion is predicated on prevailing on
14 the *Noerr-Pennington* issue, that motion must be denied as well. *See Rusheen v. Cohen*, 37 Cal. 4th
15 1048, 1056 (2006).

16 Finally, the Court concludes that Sonus has adequately pleaded breach of contract. Sonus
17 has alleged all four necessary elements of a contract claim, *see, e.g.*, *Armstrong Petroleum Corp. v.
18 Tri-Valley Oil and Gas Co.*, 116 Cal. App. 4th 1375, 1390 n.6 (2004), and further alleged facts
19 which indicate that Sonus is a third-party beneficiary of the contracts allegedly breached. *See* SAC
20 at ¶¶ 152-55. Sonus's breach of contract allegations are not inconsistent with Sonus's claims that
21 Inventergy's infringement allegations are a sham – according to Sonus, Inventergy breached its
22 contracts by, among other things, not offering a license to its patents on RAND terms at the outset of
23 negotiations. Whether Sonus actually infringes the patents, and thus would need to purchase a
24 license (offered at any price) is a discrete separate matter. Sonus's complaint adequately alleges that
25 had Inventergy offered RAND licenses up front, as contractually required, Sonus may well have
26 simply taken an (allegedly) unnecessary license to avoid the expense of further negotiations and
27 eventual litigation.

28

Inventergy's motion to file under seal is also denied. Docket No. 57. The documents shall be filed on the public docket within five (5) days of the date of this Order.

This order disposes of Docket Nos. 57, 58, and 59.

IT IS SO ORDERED.

Dated: July 27, 2015

_____
EDWARD M. CHEN
United States District Judge

4